14 F.3d 602
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael Lee SAMMONS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-6326.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1993.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Michael Lee Sammons, a pro se federal prisoner, appeals from a district court order dismissing as frivolous his petition for a writ of error coram nobis. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Sammons entered a guilty plea in 1986 to a charge of interstate and foreign travel in aid of racketeering enterprises, 18 U.S.C. Sec. 1952(a), and was sentenced to three years of imprisonment. His motions in arrest of judgment under Fed.R.Crim.P. 34 and for a reduction of sentence under Fed.R.Crim.P. 35(b) were denied. The denials were affirmed on appeal to this court. In 1992, Sammons filed a coram nobis petition alleging that the indictment failed to charge an offense and that he had been denied appointed counsel on appeal. The district court construed the petition as a motion to vacate sentence under 28 U.S.C. Sec. 2255. It dismissed the petition as frivolous, finding that the issues should have been raised on direct appeal. Sammons raises the same issues on appeal. The respondent argues that the motion should be construed as a 28 U.S.C. Sec. 2255 motion to vacate a subsequent sentence which Sammons received in 1988. The respondent also moves to dismiss the appeal or to strike the appellant's brief.
 
 
 4
 Upon review, it appears that this petition is properly construed as one seeking a writ of error coram nobis, as the sentence from the 1986 conviction has expired. See United States v. Drobny, 955 F.2d 990, 996 (5th Cir.1992). It is not properly construed as an attack on the 1988 conviction, as the sentencing judge in that case expressly disclaimed reliance on the 1986 conviction as an aggravating factor. See United States v. Sammons, 918 F.2d 592, 604 (6th Cir.1990); United States v. Williams, 782 F.2d 1462, 1466 (9th Cir.1985).
 
 
 5
 However, the issues which Sammons has raised in this petition are not properly raised in a coram nobis petition. A coram nobis petition must be based on an error of fact unknown at the time of the original proceeding. Flippins v. United States, 747 F.2d 1089, 1091 (6th Cir.1984) (per curiam). Claims which could have been raised on direct appeal are not properly brought in a coram nobis petition, which must be based on matters not appearing in the record. See United States v. Keane, 852 F.2d 199, 202-03 (7th Cir.1988), cert. denied, 490 U.S. 1084 (1989). Both the alleged denial of counsel on appeal and the deficiency of the indictment are not errors of fact, but of law, and would have been apparent at the time of the original proceedings and contained in the record. Accordingly, neither issue is a proper basis for coram nobis relief.
 
 
 6
 The motions to dismiss the appeal or to strike the appellant's brief are denied. The dismissal of this petition is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation